**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**

| | | |
|---|---|---|
| **PAINFUL PLEASURES, INC.** | * | |
| 7410 Coca Cola Drive, Unit 107 | | |
| Hanover, Maryland  21076, | * | **JURY TRIAL DEMANDED** |
| | | |
| Plaintiff, | * | |
| v. | | Civil Action No._____ |
| | * | |
| **JEREMY SMITH** | | |
| **d/b/a Unbreakable Body Jewelry** | * | |
| 25 Field Street | | |
| Auburn, Massachusetts 01501, | * | |
| | | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff Painful Pleasures, Inc. ("Plaintiff"), by its undersigned attorneys, hereby sues

Jeremy Smith ("Defendant") for trademark infringement, false designation of origin,

cybersquatting, breach of contract and breach of duty of loyalty and, in connection therewith,

states as follows:

## PARTIES

1.      Plaintiff is a corporation duly incorporated under the laws of the State of

Maryland, having its principal place of business located at 7410 Coca Cola Drive, Unit 107,

Hanover, Maryland 21076.

2.      On information and belief, Defendant is an individual currently residing at 25

Field Street, Auburn, Massachusetts 01501, and doing business as Unbreakable Body Jewelry

from Auburn, Massachusetts.

## JURSIDICTION AND VENUE

3.      This is an action for trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a).  This Court has jurisdiction over these federal questions pursuant to 28 U.S.C. §§ 1331, 1338, and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over the state law claims in this complaint because those claims are so related to the federal claims that they form part of the same case or controversy, pursuant to 28 U.S.C. § 1367.

4.      This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the amount in controversy is over $75,000.00, exclusive of interest and costs, Plaintiff is a citizen of the State of Maryland, and on information and belief, Defendant is a citizen of the State of Massachusetts.

5.      This Court has personal jurisdiction over the Defendant in that Defendant has engaged in many of the acts of infringement, unfair competition and state law violations complained herein in this District.  Moreover, Defendant advertises and sells body jewelry over the internet to all states including the State of Maryland, and has personally availed himself of the privilege of conducting business in the District. Accordingly, Defendant is subject to personal jurisdiction in this District.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.  Plaintiff's principal office is located in this District, and Defendant was an employee of Plaintiff, working from this office, until December 12, 2013.  Further, upon information and belief, Defendant has since manufactured, advertised, and offered for sale, body jewelry in this district using a trademark which is confusingly similar to Plaintiff's UNBREAKABLE Marks (as defined in paragraph 14, below).

**INTRODUCTION**

7.     Plaintiff brings the present trademark infringement action against Defendant in an attempt to recover its lawful rights in the UNBREAKABLE Marks (as defined in paragraph 14, below), which have been adversely possessed by Defendant since he ended his at-will employment with Plaintiff on December 12, 2013, and for other associated rights and remedies allowed under federal and Maryland state law.

8.     During the course of Defendant's one year employment for Plaintiff, he assisted with the development of a new high-end jewelry line for Plaintiff, called Unbreakable Body Jewelry, which Plaintiff began selling on its website www.painfulpleasures.com, on or about December 18, 2012, and in Plaintiff's Etsy shop at www.etsy.com/shop/unbreakablejewelry on April 18, 2013.  Plaintiff invested significant resources in the development of the UNBREAKABLE Marks (as defined in paragraph 14, below), including but not limited to, compensating Defendant at an above-industry rate, paying for an additional employee to work as his assistant, and providing free room and board.  On or about December 12, 2013, Defendant decided to terminate his at-will employment for Plaintiff, and for the first time claimed ownership of the UNBREAKABLE Marks, in direct contradiction with the terms of Plaintiff's Intellectual Property Policy, which states that all intellectual property developed by employees during their course of employment is the property of Plaintiff.  Defendant thereafter filed an application for UNBREAKABLE BODY JEWELRY (U.S. Serial No. 86143654) with the United States Patent and Trademark Office, and began advertising body jewelry for sale on various mediums under the name UNBREAKABLE BODY JEWELRY.

9.     Plaintiff seeks a determination that it is the rightful owner of the UNBREAKABLE Marks (as defined in paragraph 14, below), and injunctive relief preventing Defendant from making use of, or claiming rights in the UNBREAKABLE Marks.  Furthermore,

Plaintiff seeks damages for Defendant's willful infringement of Plaintiff's UNBREAKABLE Marks, Defendant's violation of the terms of the Intellectual Property Policy in Plaintiff's Employee Handbook, and other violations of federal and Maryland state law.

## BACKGROUND

10.     Plaintiff Painful Pleasures, Inc. ("Plaintiff") is the world's leading provider of wholesale and retail body jewelry, as well as tools and accessories for body piercing and tattooing.  Plaintiff sells goods online to customers in every state in the United States, as well as at least 149 countries throughout the world, via its website, www.painfulpleasures.com, as well as other online sales sites such as eBay and Amazon.  Plaintiff's principal office is located in Hanover, Maryland.

11.     In October 2012, Defendant Jeremy Smith ("Defendant") contacted Joseph Marc Gagnier, owner of Plaintiff Painful Pleasures, Inc. ("Gagnier") regarding the possibility of working for Plaintiff as a jewelry designer.  Plaintiff subsequently paid to relocate Defendant to the Hanover, Maryland area, and Gagnier personally agreed to allow Defendant to stay at his home, rent-free.  On or about December 3, 2012, Painful Pleasures officially hired Defendant to work as a jewelry designer. Defendant was hired as an at-will employee, pursuant to Maryland law and per the terms of Plaintiff's Employee Handbook.

12.     On or about December 13, 2012, Defendant read, reviewed and signed an acknowledgement of Plaintiff's Employee Handbook, which contains an Intellectual Property Policy, page 14, which states in relevant part: *"any and all intellectual property developed by employees subject to this policy will be deemed owned fully and completely by the Company."* The policy further requires employees to take all necessary actions to ensure that said intellectual

property (which is defined to include "trademarks") vests in the Plaintiff, and cooperate with any actions to enforce said intellectual property.

13.     Defendant's work for Plaintiff was focused on the design and manufacturing of high-quality body jewelry pieces using niobium and titanium materials, which would then be sold by Plaintiff on its website, www.painfulpleasures.com. Plaintiff purchased specialized equipment for Defendant with which to make this jewelry, and hired an additional employee to work as an assistant for Defendant.

14.     During the course of his employment at Painful Pleasures, Defendant worked with Gagnier and other employees of the company to develop this jewelry line.  Ultimately, Plaintiff decided upon the names "UNBREAKABLE BODY JEWELRY" and "UNBREAKABLE" to refer to the high-end niobium and titanium jewelry that Defendant designed for Plaintiff (the "UNBREAKABLE Marks").  Plaintiff invested significant resources into developing a logo and design for this new line of jewelry, as well as an Etsy store for the brand.

15.      On or about December 2012, Plaintiff began advertising body jewelry designed by Defendant under the UNBREAKABLE Marks on its website, www.painfulpleasures.com. In April 2013 Plaintiff began advertising the jewelry for sale in a specialized Etsy store that Plaintiff established for the UNBREAKABLE brand, located at https://www.etsy.com/shop/unbreakablejewelry.  On or about December 18, 2012, Plaintiff made its first sale of body jewelry under the UNBREAKABLE Marks in the United States, via its website.

16.     Plaintiff currently sells body jewelry under the UNBREAKABLE Marks in the United States, via its website, as well as through Plaintiff's Etsy store, located at https://www.etsy.com/shop/unbreakablejewelry.  Plaintiff also advertises the UNBREAKABLE

brand via the Facebook page it established for the UNBREAKABLE brand, located at
www.facebook.com/unbreakablebodyjewelry.

17.     Defendant lived with Gagnier, without paying rent or utilities, from December

2012 until December 10, 2013.  During this time, Defendant was compensated at a rate of $16.87

per hour for his work at Plaintiff.  On or about November 30, 2013, Gagnier requested that

Defendant begin paying rent.  On or about December 12, 2013, Defendant notified Gagnier that

he was terminating his employment with Plaintiff.

18.     On information and belief, in the months prior to terminating his employment

with Plaintiff, Defendant approached third parties in the body piercing industry regarding new

opportunities for Defendant to design and sell the high-end niobium and titanium jewelry that

Defendant was then designing for Plaintiff under the UNBREAKABLE Marks.

19.     On information and belief, on or about October 2013, Defendant sold

UNBREAKABLE brand body jewelry that he manufactured for Plaintiff in Plaintiff's

warehouse, to a third party, Sean Dowdell, without Plaintiff's permission.  Gagnier received a

check from Dowdell that was in Defendant's name. Gagnier confronted Defendant about this

unauthorized sale, which Defendant stated was a "misunderstanding."  Defendant agreed that

Plaintiff owned the goods subject to the sale to Dowdell and reimbursed Plaintiff for the lost

sale.

20.     On December 13, 2012, one day after terminating his employment with Plaintiff,

Defendant filed application Serial No. 86143654 with the United States Patent and Trademark

Office ("USPTO") for UNBREAKABLE BODY JEWELRY in connection with "body jewelry"

in International Class 14, claiming a first use date of November 1, 2012 ("Defendant's

Application").  Defendant's Application is currently pending and has not yet been assigned to an examiner.

21.     Plaintiff disputes the veracity of the first use date provided by Defendant to the USPTO in connection with Defendant's Application.  On information and belief, the only sales of body jewelry made under the UNBREAKABLE BODY JEWELRY mark were made during the course of Defendant's employment with Plaintiff, by or on behalf of Plaintiff.

22.     On information and belief, upon terminating employment with Plaintiff in December 2013, Defendant moved to Massachusetts and began selling body jewelry to third parties, including individuals and body piercing shops in the area, under the names UNBREAKABLE and UNBREAKABLE BODY JEWELRY.

23.     On information and belief, on or about December, 2013, Defendant also began advertising body jewelry for sale on the website www.unbreakablebodyjewelry.com, which Defendant registered in his name on November 14, 2013, without Plaintiff's knowledge or consent.

24.     On information and belief, Defendant distributed brochures offering body jewelry for sale under the name UNBREAKABLE BODY JEWELRY on or about January 2014, at a tattoo convention held in Philadelphia, Pennsylvania. Defendant's brochure contains images owned by Plaintiff, which were taken with Plaintiff's equipment during Defendant's employment with Plaintiff.

25.     Plaintiff became aware of Defendant's Application in late December 2013 and on December 27, 2013 counsel for Plaintiff contacted Defendant on to request that he cease and desist from using Plaintiff's UNBREAKABLE Marks in connection with body jewelry, and immediately withdraw Defendant's Application.

26.     Plaintiff's counsel contacted Defendant for a second time on January 9, 2014, to request that he cease and desist from using Plaintiff's UNBREAKABLE Marks in connection with body jewelry, and immediately withdraw Defendant's Application.

27.     Defendant has contacted Plaintiff's counsel numerous times since December 26, 2013, and uniformly denied Plaintiff's ownership rights in the UNBREAKABLE Marks, and refused to cease and desist from using Plaintiff's UNBREAKABLE Marks in connection with body jewelry, or withdraw Defendant's Application.

<u>COUNT ONE</u>
**TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, PASSING OFF, AND UNFAIR COMPETITION
(15 U.S.C. § 1125(a))**

28.     Plaintiff incorporates and re-alleges paragraphs 1- 27 as if fully set forth herein.

29.     Without Plaintiff's consent, Defendant used and continue to use in commerce reproductions, copies and colorable imitations of Plaintiff's UNBREAKABLE Marks in connection with the advertising and sale of certain body jewelry products on his website, via electronic and hard copy sales brochures, and at trade shows.

30.     Defendant has made and continues to make unauthorized use of Plaintiff's UNBREAKABLE Marks in connection with the sale and advertising of certain body jewelry products in interstate commerce.  In doing so, Defendant has falsely designated the origin of these products created by him as being affiliated, connected, associated with Plaintiff, or sponsored or otherwise approved of by Plaintiff, and thereby has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

31.     Defendant's interstate advertising, promotion, and offering of goods has created a likelihood of confusion, mistake or deception as to the affiliation, connection, association, origin, sponsorship, approval, commercial activities, nature, characteristics or qualities of Defendant's

goods relative to Plaintiff and its body jewelry products sold under the UNBREAKABLE Marks, with the consuming public.

32.     The aforesaid conduct of Defendant's is without the consent or permission of Plaintiff.

33.     On information and belief, Defendant committed the aforesaid infringing acts willfully, intentionally, maliciously and in conscious disregard for the goodwill and reputation associated with Plaintiff's body jewelry products sold under the UNBREAKABLE Marks.

34.     As a result of Defendant's aforesaid acts, Plaintiff has suffered, and will continue to suffer, both money damages in an amount to be proven at trial and damages which have no adequate remedy at law.

**COUNT THREE**
**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**
**UNDER MARYLAND LAW**

35.     Plaintiff incorporates and re-alleges paragraphs 1 - 34 as if fully set forth herein.

36.     Plaintiff is the rightful owner of the UNBREAKABLE Marks.

37.     Defendant's actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant, his products, services, and commercial activities by or with Plaintiff such that Defendant's acts constitute infringement of Plaintiff's proprietary rights in its UNBREAKABLE Marks, misappropriation of Plaintiff's goodwill in those marks, and unfair competition under Maryland common law.

38.     The actions of Defendant alleged above were done deliberately, intentionally and with actual malice.

39.     Defendant acted with intent to deceive and defraud the public, in violation of the common law of unfair competition of the State of Maryland.

40.    As a result of Defendant's aforesaid acts, Plaintiff has suffered, and will continue to suffer, both money damages in an amount to be proven at trial and damages which have no adequate remedy at law.

### COUNT FOUR
**ANTICYBERSQUATTING CONSUMER PROTECTION ACT
(15 U.S.C. § 1125(d))**

41.    Plaintiff incorporates and re-alleges paragraphs 1 - 40 as if fully set forth herein.

42.    Defendant has registered, trafficked in, and/or used a domain name that is confusingly similar or dilutive of Plaintiff's UNBREAKABLE Marks or other of Plaintiff's protected words or names, including, but not limited to, through the use by Defendant of the domain name: *unbreakablebodyjewlery.com*.

43.    Defendant has committed such actions with the bad faith intent to profit from the use of the Plaintiff's UNBREAKABLE Marks or other of Plaintiff's protected words or names.

44.    Plaintiff is entitled, under 15 U.S.C. §1116 to preliminary and permanent injunctions barring Defendant from further acts of cybersquatting, and ordering him to transfer to Plaintiff all registrations for *unbreakablebodyjewlery.com* and any other offending domain names that are confusingly similar to  Plaintiff's UNBREAKABLE Marks.

45.    As a result of Defendant's willful cybersquatting, Plaintiff is entitled, under 15 U.S.C. §1117, to judgment in Plaintiff's favor and against Defendant in an amount equal to Defendant's profits, the damages sustained by Plaintiff, and the costs of this action or statutory damages of $100,000 for domain name registered by Defendant that is confusingly similar to Plaintiff's UNBREAKABLE Marks. Moreover, because this is an exceptional case, Plaintiff is further entitled to judgment against Defendant in an amount equal to the attorneys' fees incurred by Plaintiff in connection with this matter.

**COUNT FIVE**
**DECLARATORY JUDGMENT**
**(28 U.S.C. § 2201)**

46.     Plaintiff incorporates and re-alleges paragraphs 1 - 45 as if fully set forth herein.

47.     Plaintiff first sold body jewelry under the name "UNBREAKABLE" at least as early as December 18, 2012, via Plaintiff's website www.painfulpleasures.com.

48.     Since December 18, 2012, Plaintiff has continuously used the UNBREAKABLE Marks in commerce in the United States in connection with the sale of body jewelry.  The UNBREAKABLE Marks are symbolic of extensive goodwill and consumer recognition built up by Plaintiff through effort and significant investments made into development, advertising and promotion.

49.     On December 13, 2013, Defendant filed application Serial No. 86143654 with the United States Patent and Trademark Office ("USPTO") for UNBREAKABLE BODY JEWELRY in connection with "body jewelry" in International Class 14, claiming a first use date of November 1, 2012.  Plaintiff alleges, upon information and belief, that Defendant's first use date is inaccurate and erroneous.

50.     Upon information and belief, both Plaintiff and Defendant claim ownership of, and exclusive rights in the trademark UNBREAKABLE BODY JEWELRY in connection with body jewelry.

51.     Accordingly, there exists an actual and present controversy between Plaintiff and Defendant concerning ownership of and right to use the UNBREAKABLE Marks, including UNBREAKABLE BODY JEWELRY, in connection with body jewelry.

52.     Accordingly, Plaintiff hereby requests that the Court enter judgment declaring that Plaintiff is the rightful owner of the UNBREAKABLE Marks, including UNBREAKABLE

BODY JEWELRY in connection with body jewelry, and is entitled to seek federal registration of that trademark with the United Stated Patent and Trademark Office.

53.     Further, Plaintiff requests that the Court enter judgment declaring that Defendant does not possess the legal right to pursue application Serial No. 86143654 for UNBREAKABLE BODY JEWELRY, and that said application shall be expressly abandoned as a matter of law.

**COUNT SIX**
**BREACH OF CONTRACT**

54.     Plaintiff incorporates and re-alleges paragraphs 1 – 53 as if fully set forth herein.

55.     Defendant was an employee of Plaintiff, working at its Hanover, Maryland office from December 3, 2012 to December 12, 2013.

56.     Plaintiff's Employee Handbook contains an Intellectual Property Policy, which states, in relevant part, that: "any and all intellectual property developed by employees subject to [the Intellectual Property] policy will be deemed owned fully and completely by the Company." The Intellectual Property Policy further requires employees to take all necessary actions to ensure that said intellectual property (which is defined to include "trademarks") vests in the Plaintiff, and cooperate with any actions to enforce said intellectual property.

57.     Defendant signed an acknowledgement that he understood the terms of the Employee Handbook, and accepted them as binding upon him on December 13, 2012.

58.     By using Plaintiff's trademarks without permission of Plaintiff after quitting employment with Plaintiff, and by filing for trademark registration of application Serial No. 86143654 for UNBREAKABLE BODY JEWELRY, Defendant has violated the terms of Plaintiff's Employee Handbook.  Specifically, Defendant violated the terms of the Intellectual Property Policy, which demand that Defendant recognize the UNBREAKABLE Marks as owned

by Plaintiff and take all necessary actions to ensure that the UNBREAKABLE Marks vested in Plaintiff.

59.     As a result of Defendant's breach, Plaintiff has suffered, and will continue to suffer, both money damages in an amount to be proven at trial and damages which have no adequate remedy at law.

**<u>COUNT SEVEN</u>**
**BREACH OF COMMON LAW DUTY OF LOYALTY**

60.     Plaintiff incorporates and re-alleges paragraphs 1 - 59 as if fully set forth herein.

61.     During his Employment with Plaintiff, Defendant owed common law duties of loyalty to Plaintiff.

67.     In direct and material breach of his common law duties of loyalty to Plaintiff, Defendant (while employed and being compensated by Plaintiff) was actively working for the benefit of himself in competition with Plaintiff by, inter alia:

a.      Diverting Plaintiff business opportunities and sales to himself by distributing brochures offering body jewelry for sale under the name UNBREAKABLE BODY JEWELRY, at, inter alia, a tattoo convention held in Philadelphia, Pennsylvania;

b.      Registering the website www.unbreakablebodyjewelry.com, without Plaintiff's knowledge or consent, and diverting Plaintiff business opportunities and sales to himself by advertising body jewelry for sale on said website;

c.      Diverting Plaintiff's business opportunities for the manufacture of UNBREAKABLE body jewelry to and for third parties in the body piercing industry; and

d.      Diverting sales and profits from Plaintiff's manufacture of UNBREAKABLE BODY JEWELRY to himself.

68.     As the direct and proximate result of the breach of Defendant's duty of loyalty, Plaintiff has suffered and continues to suffer severe economic injury to its lawful business.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court enter the following relief:

A.      That the Court enter judgment declaring that Plaintiff is the rightful owner of the UNBREAKABLE Marks, including UNBREAKABLE BODY JEWELRY in connection with body jewelry in the United States, and is entitled to seek federal registration of that trademark with the United Stated Patent and Trademark Office;

B.      That the Court enter judgment declaring that Defendant does not possess legal rights in the UNBREAKABLE Marks in connection with body jewelry, including the right to possess application Serial No. 86143654 for UNBREAKABLE BODY JEWELRY, and that said application shall be expressly abandoned as a matter of law;

C.      That the Court enter judgment declaring that Defendant's use of the "UNBREAKABLE" trademark infringers Plaintiff's UNBREAKABLE Marks under federal and state law;

D.      That the court issue a permanent injunction prohibiting Defendant from further pursuit of registration for "UNBREAKABLE BODY JEWELRY" in connection with application Serial No. 86143654, or any of the UNBREAKABLE Marks;

E.      That the Court issue a permanent injunction against Defendant preventing him, and any business or enterprise under his control, including but not limited to Unbreakable Body Jewelry, from using Plaintiff's UNBREAKABLE Marks, or anything confusingly similar thereto, in connection with body jewelry, body piercing goods and services, and tattooing goods

and services, and from other vexing conduct or harassment against Plaintiff in relation to the UNBREAKABLE Marks which Defendant has no right in;

F.    That the Court enter an order or order enjoining Defendant from registering and using domain names that are confusingly similar to Plaintiff's UNBREAKABLE Marks during the pendency of this action and permanently thereafter, and directing Defendant to transfer to Plaintiff all registrations for *unbreakablebodyjewelry.com* and any other offending domain names that are confusingly similar to Plaintiff's UNBREAKABLE Marks;

G.    That Plaintiff recover damages in the form Defendant's profits and/or its lost profits in such amounts as may be proven at trial;

H.    That Defendant be ordered to pay Plaintiff's attorneys' fees, costs and other expenses incurred as a result of this controversy created by Defendant's filing of application Serial No. 86143654;

I.    That Defendant be ordered to pay damages for his registration and use of domain names confusingly similar to Defendant's UNBREAKABLE Marks, in an amount equal to Defendant's profits, the damages sustained by Plaintiff, and the costs of this action or, upon Plaintiff's election, statutory damages of $100,000 per domain name plus attorneys' fees;

J.    That Defendant be required to pay Plaintiff punitive damages for trademark infringement under Maryland common law;

K.    That Defendant be required to pay monetary damages for the economic injury Plaintiff has sustained to date and/or will sustain as the direct proximate result of Defendant's breach of contract;

L.      That Defendant be required to pay monetary damages for the economic injury Plaintiff has sustained to date and/or will sustain as the direct proximate result of Defendant's breach of his duty of loyalty to Plaintiff,

M.      That the Court grant such further and other relief as the Court deems just and proper.

Dated: March 12, 2014.                              Respectfully submitted,


                                                        /s/ *Robert S. Brennen*
                                                Robert S. Brennen (Fed. Bar No.04499)
                                                rbrennen@milesstockbridge.com
                                                Ranak K. Jasani (Fed. Bar No. 27383)
                                                rjasani@milesstockbridge.com
                                                MILES & STOCKBRIDGE P.C.
                                                100 Light Street
                                                Baltimore, MD 21202
                                                (410) 727-6464 (phone)
                                                (410) 385-3700 (phone)

                                                *Of Counsel*

                                                Noel K. Egnatios (CA Bar No. 249142)
                                                negnatios@ipla.com
                                                IP LEGAL ADVISORS, P.C.
                                                4445 Eastgate Mall, Suite 200
                                                San Diego, California 92121
                                                Phone: (858) 272-0220
                                                Fax: (858) 272-0221